*W. F. Barrett, W. R. Thompson*, for appellant.

*Gazlay*, for appellee.

---

DAVID CLEAVER *v.* W. P. BEAUCHAMP.

**Summons—Correction—Return by Sheriff—Petition Taken for Confessed.**

The court properly allowed an amendment of the return on the summons showing the service was not on Sunday as the original by mistake imported, and the return that the order taking the petition for confessed was not premature.

**Injunction—Reversal of Judgment—Effect to Dissolve.**

The judgment of the court of appeals reversing a judgment perpet-

uating an injunction and remanding the case for only an assessment, etc., had the legal effect to disolve the injunction.

**Appeal Bonds—Injunction Bonds—Liability—Confessed—Failure to Answer. Same—Preliminary Suits.**

> The entire liability being confessed by failing to answer the allegation charging it, there was no necessity for preliminary suits on the appeal and injunction bonds.

### APPEAL FROM MARION CIRCUIT COURT.

### July 3, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Upon the affidavit of the Deputy Sheriff who executed the summons on the appellant Cleaver, the Circuit Court properly allowed an amendment of his return, showing that the service was not on Sunday, as the original return imported by a mistake as to the day of the month when the summons was served. And the return, as thus corrected, showing that the order taking the petition for confessed was not premature; that judgment was right.

The judgment of this court reversing that of the Circuit Court, perpetuating the injunction in which the appellant Cleaver was surety, and remanding the case for *only* an assessment of rents, improvements and deterioration, had the legal effect of dissolving the injunction. But the petition moreover alleges that the injunction was dissolved; and that allegation was confessed. Cleaver therefore appears to be liable for the rents, which, among other things, had been enjoined. That liability commenced with the execution of the injunction bond. He appears to be liable also on the appeal bond for rents due before the injunction.

This entire liability being confessed by failing to answer the allegations charging it, there was no necessity for preliminary suits on the appeal and injunction bonds to fix the liability.

Nor was there any necessity for an assessment of rents, improvements and waste; because the petition charges that the waste was equivalent to the improvements, and that the rent was worth $50 a year, and those allegations were confessed. Consequently, the judgment being for the rent only at the rate of $50 a year, we see no substantial error in it to the prejudice of the appellant Cleaver.

Wherefore, the judgment is affirmed.